IN THE UNITED STAES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | 4:24-CR-371 |
| KAMAIGA GHOLAR | § § § | |

### MS. GHOLAR'S SENTENCING MEMORANDUM

Kamaiga Gholar through her appointed counsel presents the following sentencing memorandum.

The probation office, after reviewing the factors set forth in 18 U.S.C. §§3553(a), 3561(a) and 3562(a), recommends one year probation. The government did not file objections to the presentence report. The government now concedes that there was "no actual loss."

The bonding company/insurance entity received its fees for its services; there was no evidence of an intent to shortchange it. The paperwork shenanigans engaged in by everyone in this case were the artful creation of the bonding company to meet its internal bookkeeping; no outsiders including Ms. Gholar germinated the fraudulent device. Everybody expected that Nicholas Yoder would meet his bond obligations, attend court, and take care of his case. He did. This was no "happy accident;" the vast majority of defendants released on bond in Harris

County do just that. The government is left grasping and conjecturing for an imagined "intent" and a fanciful "reasonable estimate of loss." It's claim for a +10 offense level adjustment is both unfounded and untimely.

Congress has found that "imprisonment is not an appropriate means of promoting correction and rehabilitation. 18 U.S.C. §3582(a). The government points to no policy arguing otherwise regarding Ms. Gholar, a defendant with no significant criminal history and no likelihood of reoffending. These events took place almost five years ago. Ms. Gholar lost her job in Houston because of these charges and moved home to Mississippi where she is rebuilding her life. She still retains her right to appeal and there are substantial issues worthy of appeal. The plea agreements the government offered and indeed cut with many of the co-defendants included a waiver of those appellate rights. It appears that the government wants six months of jail as compensation for her exercising her counseled right to trial and to preserve her right to appeal. But the PSR has it right.

Respectfully submitted,

/S/ *Tom Berg*
Tom Berg
State Bar No. 02189200
4306 Yoakum Blvd., Suite 240
Houston, Texas 77006
Tel: (713) 502-9596
tom@mgblawyers.com
COUNSEL FOR MS. GHOLAR

## CERTIFICATE OF SERVICE

I hereby certify that all parties to be served have been served via electronic case filing (ECF) this 30th day of December 2025.

/S/Tom Berg_____
Tom Berg